UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TROY KELLY,<br><br>  Plaintiff,<br><br>v.<br><br>TUCKER, ALBIN AND ASSOCIATES, INC.,<br><br>  Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:19-cv-01024<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes TROY KELLY ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of TUCKER, ALBIN AND ASSOCIATES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as this action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant's principal place of business is located in Dallas County, Texas, which falls within the Northern District of Texas.

### PARTIES

4. Plaintiff is a natural person over 18 years-of-age and a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a "commercial collection agency" that prides itself on "aggressively recovering debt."[1] Defendant's principal place of business is located at 1702 North Collins Blvd., Suite 100, Richardson, Texas 75080.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of Defendant's attempts to collect upon a business debt ("subject debt") purportedly owed by Plaintiff.

9. Around early 2019, Plaintiff began receiving calls to his cellular phone, (818) XXX-1068, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -1068. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has contacted Plaintiff mainly using the phone number (818) 699-0411, but upon belief, Defendant has used other phone numbers as well.

12. Upon information and belief, the aforementioned phone number ending in -0411 is regularly utilized by Defendant during its debt collection activity.

---

[1] https://tuckeralbin.com/about-us/

13. Upon answering phone calls from Defendant, Plaintiff has experienced a noticeable pause, lasting several seconds in length, before he is connected with a live representative.

14. Upon speaking with Defendant's representatives, Plaintiff was informed that Defendant is attempting to collect upon the subject debt.

15. Defendant's relentless and harassing collection campaign caused Plaintiff to answer its calls and demand that Defendant cease contacting him.

16. Despite Plaintiff's demands and efforts, Defendant continued its harassing conduct, including calling Plaintiff's cellular phone at least 20 times thereafter.

17. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

18. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

19. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment

which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

22. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting several seconds in length, that Plaintiff experiences before he is connected with a live representative of Defendant's is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's continued contacts after Plaintiff demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Similarly, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

23. Defendant violated the TCPA by placing at least 20 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent that Plaintiff *may* have given to the originator of the consumer debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiff's demands that Defendant cease contacting him.

24. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

25. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant was told to cease calling, but it defied those demands and consciously continued to harass Plaintiff, as evidenced by its persistent calls.

WHEREFORE, Plaintiff, TROY KELLY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.  Awarding Plaintiff costs and reasonable attorney fees;

d.  Enjoining Defendant from further contacting Plaintiff; and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 29, 2019                                  Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)                   s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                       Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                                *Counsel for Plaintiff*
Admitted in the Northern District of Texas             Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.                               Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                    2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                Lombard, Illinois 60148
(630) 568-3056 (phone)                                 (630) 581-5858 (phone)
(630) 575-8188 (fax)                                   (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                               thatz@sulaimanlaw.com